**TARTER KRINSKY & DROGIN LLP**
*Proposed Attorneys for URP Maiden Lane LLC*
*Debtor and Debtor-in-Possession*
1350 Broadway, 11th Floor
New York, New York 10018
(212) 216-8000
Scott S. Markowitz, Esq.
smarkowitz@tarterkrinsky.com

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------ x
In re:                                              :
                                                    :    Chapter 11
URP MAIDEN LANE LLC                                 :
                                                    :    Case No.: 23- 11698
                          Debtor.                   :
------------------------------------------------------------ x

# DECLARATION OF DAVID GOLDWASSER PURSUANT TO LOCAL BANKRUPTCY RULE 1007-2 OF THE LOCAL BANKRUPTCY RULES FOR THE UNITED STATES BANKRUPTCY COURT FOR THE SOUTHERN DISTRICT OF NEW YORK

I, David Goldwasser, declare, pursuant to section 1746 of title 28 of the United States Code, that:

1. I am the co-manager of URP Maiden Lane LLC (the "Debtor" or "URP"), a New York limited liability company. URP intends to file a voluntary chapter 11 petition with the Clerk of this Court on or about October 25, 2023 (the "Petition Date"). I am duly authorized to make this declaration (the "Declaration") on behalf of the Debtor.

2. I am generally familiar with the Debtor's business, financial affairs, and books and records. I am over eighteen years of age and I am competent to testify.

3. I submit this Declaration in accordance with Rule 1007-2 of the Local Rules of this Court (the "Local Bankruptcy Rules") to assist this court (the "Court") and parties in interest in understanding the circumstances that compelled the commencement of the chapter 11 case, and in support of the Debtor's petition for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code").

091057\1\170412546.v1

4. Except as otherwise indicated, all facts set forth in this Declaration are based upon my personal knowledge, all documents available to me and my discussions with other members of the Debtor's management team as well as the Debtor's counsel. If called as a witness, I could and would testify competently to the facts set forth in this Declaration.

5. Parts I through III of this Declaration provide an overview of the Debtor's business, events giving rise to the commencement of this chapter 11 case and the Debtor's capital structure. Part IV sets forth the information required by Local Bankruptcy Rule 1007-2.

## I. THE DEBTOR'S BUSINESS

6. The Debtor is a newly formed limited liability company which entered into a contract to purchase a total of five mortgages held by Valley National Bank secured by an unfinished residential development located at 161 Maiden Lane, New York, NY (the "Loan Purchase Agreement").

7. The Loan Purchase Agreement has been amended and pursuant to the most recent amendment, the Debtor (which has deposited a total of $6 million) is required to close no later than October 26, 2023. Failure to close by October 26, 2023, may result in the forfeiture of the $6 million deposit.

## II. EVENTS LEADING TO THE CHAPTER 11 CASE

8. As set forth above, prior to the Petition Date, the Debtor entered into the Loan Purchase Agreement. The Debtor believes the sellers, under the Loan Purchase Agreement, have breached certain provisions relating to disclosure of certain information in connection with a mediation in the foreclosure action.

9. The Debtor intends to utilize the Chapter 11 process to obtain the sixty (60) day extension afforded under section 108(b) of the Bankruptcy Code to close the Loan Purchase Agreement.

2

### III. PRE-PETITION CAPITAL STRUCTURE AND INDEBTEDNESS

10. As noted, the Debtor is a privately held limited liability company. To the best of my knowledge, the Debtor has no secured debt.

11. To the best of my knowledge, the Debtor's sole asset is its interest under the Loan Purchase Agreement.

### IV. INFORMATION REQUIRED BY LOCAL BANKRUPTCY RULE 1007-2

12. I have been advised that Local Bankruptcy Rule 1007-2 requires certain information related to the Debtor which is set forth below.

13. In accordance with Local Bankruptcy Rule 1007-2(a)(3), there has been no prepetition committee of creditors formed in this chapter 11 case.

14. In accordance with Local Bankruptcy Rule 1007-2(a)(4), **Exhibit A** hereto is a list containing the names, addresses, and, where available, telephone and facsimile numbers of the creditors believed to be holding the twenty (20) largest unsecured claims (excluding insiders) against the Debtor.

15. The Debtor has no secured debt.

16. The Debtor's assets consist solely of its interest under the Loan Purchase Agreement. The Debtor has unsecured debts as set forth in the schedules filed with the petition.

17. The Debtor does not have any publicly held shares, debentures, or other securities.

18. To the best of my knowledge, none of the Debtor's property is in the possession or control of any custodian, public officer, mortgagee, pledgee, assignee of rents, or secured creditor, or agent for any such entity.

19. The Debtor is not a party to any leases. As set forth above, the Debtor is a party as buyer under the Loan Purchase Agreement.

3

20. No litigation has been commenced against the Debtor. However, the Debtor recently filed an action in New York State Supreme Court seeking to obtain an extension of time to close under the Loan Purchase Agreement.

21. In I am the Debtor's co-manager. I do not receive a regular salary. The Debtor intends to continue to operate and debtor in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

22. The Debtor has no employees.

23. The Debtor's officers, directors, and members will receive no payroll for the 30-day period following the commencement of the Debtor's chapter 11 case.

24. The Debtor does not anticipate any cash receipts or disbursements within the thirty (30) day period following the commencement of the Chapter 11 case. However, the Debtor intends to close on the Loan Purchase Agreement no later than sixty (60) days from the Petition Date.

Under 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge and belief.

Executed this 25th day of October 2023

_____
David Goldwasser

**EXHIBIT A**

| Fill in this information to identify the case: | | |
|---|---|---|
| Debtor name | URP MAIDEN LANE LLC | |
| United States Bankruptcy Court for the: | SOUTHERN DISTRICT OF NEW YORK | |
| Case number (if known): | | ☐ Check if this is an amended filing |

## Official Form 204

### Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 20 Largest Unsecured Claims and Are Not Insiders  12/15

A list of creditors holding the 20 largest unsecured claims must be filed in a Chapter 11 or Chapter 9 case. Include claims which the debtor disputes. Do not include claims by any person or entity who is an insider, as defined in 11 U.S.C. § 101(31).  Also, do not include claims by secured creditors, unless the unsecured claim resulting from inadequate collateral value places the creditor among the holders of the 20 largest unsecured claims.

| Name of creditor and complete mailing address, including zip code | Name, telephone number and email address of creditor contact | Nature of claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|
| | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| Goldberg Weprin Finkel Goldste 125 Park Avenue 12th Floor New York, NY 10017 | Andy W. Albstein aalbstein@gwfglaw.com (212) 301-6970 | Legal Services | | | | $125,000.00 |
| Baron & Baron LLP 108 West 39th Street Suite 1306 New York, NY 10018 | | Consulting and Tax Planning Services re property 161 Maiden Lane, New York, NY 10038 | | | | $18,000.00 |
| Brown Harris Stevens Developme 451 West Broadway New York, NY 10012 | | Consulting Services | | | | $5,000.00 |
| Urban Atelier Group LLC 85  5th Avenue New York, NY 10003 | | Preconstruction Services | | | | $5,000.00 |
| MGNY Consulting Corp. 109 East 9th Street Storefront New York, NY 10003 | | Tax Consulting re property 161 Maiden Lane, New York, NY 10038 | | | | $2,500.00 |
| United Corporate Services, Inc 838 Walker Rd. Dover, DE 19904 | | Filing Service | | | | $210.00 |